Yitz E. Weiss, Esq. – State Bar No. 244452
  weiss@kaplanweiss.com
Jonathon Kaplan, Esq. – State Bar No. 150838
  kaplan@kaplanweiss.com
KAPLAN WEISS LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 553-4550
Facsimile: (213) 553-4590

Attorneys for Plaintiff,
COMMITTEE FOR THE ADVANCEMENT OF TORAH
D/B/A OK KOSHER CERTIFICATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION, a New York religious corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE KIAN COMPANY, INC. D/B/A NUTRAW, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br>**1. FEDERAL TRADEMARK INFRINGEMENT;**<br>**2. COUNTERFEIT OF REGISTERED MARK;**<br>**3. FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN;**<br>**4. UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.;**<br>**5. FALSE ADVERTISING UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17500 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION ("OK KOSHER" or "Plaintiff") hereby alleges:

1

**COMPLAINT**

KAPLAN WEISS LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, subd. (a), and 1338 subds. (a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, and federal unfair competition pursuant to 15 U.S.C. § 1125, subd. (a).

2. This Court has supplemental jurisdiction over the claims arising under the laws of the State of California, pursuant to 28 U.S.C. § 1367, subd. (a), because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over defendant THE KIAN COMPANY, INC. D/B/A NUTRAW because it is a California corporation with its principal place of business in this District. The Court also has personal jurisdiction over THE KIAN COMPANY, INC. D/B/A NUTRAW because it conducts business in the State of California and within this District. Furthermore, defendant THE KIAN COMPANY, INC. D/B/A NUTRAW has sold goods in association with the infringing marks in the State of California, thus purposefully availing itself of the privilege of conducting activities in the State of California.

4. This Court has specific jurisdiction over the defendant THE KIAN COMPANY, INC. D/B/A NUTRAW because OK KOSHER's claims for trademark infringement, counterfeiting, and unfair competition arise from harm sustained in the State of California. Defendants have engaged in purposeful affirmative activity directed at the State of California by maintaining offices in the State of California, maintaining a website that promotes and advertises their goods to California consumers, importing goods into the State of California and regularly offering for sale their goods to persons and entities in the State of California. Furthermore,

Defendants are causing tortious injury in the State of California by their acts or omissions both inside and outside the State of California.

5. This Court has general jurisdiction over defendants THE KIAN COMPANY, INC. D/B/A NUTRAW because it has engaged in continuous and systematic activity within the State of California by, on information and belief, importing goods into the State of California, distributing products in the State of California, maintaining a website targeted towards California consumers, and regularly offering their products for sale in the State of California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, subd. (b) because all defendants reside in this State and at least one resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

7. Plaintiff OK KOSHER is a New York religious corporation, located at 391 Troy Avenue, New York, New York 11213.

8. Defendant THE KIAN COMPANY, INC. D/B/A NUTRAW ("KIAN") is a California corporation, entity number C3074863, doing business at 2182 Dupont Drive, # 223, Irvine, California 92612.

9. Plaintiff is ignorant of the true names of defendants DOES 1-10 and therefore sues them by these fictitious names. Once these defendants' identities are ascertained, plaintiff shall seek leave to amend the complaint to substitute those defendants for the fictitiously-named defendants.

## NATURE OF THIS ACTION

10. This is an action for trademark infringement, counterfeiting, and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, et seq., and violation of California's Business and Professions Code §§ 17200 et seq. and 17500 et seq.

## PLAINTIFF'S CERTIFICATION MARK

11. OK KOSHER provides kosher certifications of food products. To be considered kosher, foods must conform to Jewish dietary laws and meet stringent requirements with respect to their ingredients, manufacture, preparation, handling and packaging. Consumers and other purchasers rely upon the certification of agencies like OK KOSHER when purchasing food products. With over 80 years of experience in the industry, OK KOSHER is a leading kosher certification agency and its certifications are recognized and accepted throughout the world by consumers and other purchasers of kosher products.

12. Donel Corporation, a New York Corporation located at 391 Troy Avenue New York, New York 11213 is the owner of the following Certification Mark ("the OK Certification Mark"), which is registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 2,094,030. The mark certifies compliance with kosher dietary and food preparation standards.



The foregoing registration of the OK Certification Mark is valid, subsisting, unrevoked and uncancelled and has achieved incontestable status pursuant to 15 U.S.C. § 1065.

13. OK KOSHER is the sole and exclusive licensee of the OK Certification Mark and has the exclusive right to enforce the OK Certification Mark and to preclude others from using it on products that it has not certified.

14. OK KOSHER has spent considerable time, money and resources in promoting its kosher certification services and its certification marks, including the OK Certification Mark, which have achieved a high degree of consumer recognition and have become famous and widely recognized indicators of kosher foods throughout the world.

## DEFENDANTS' WRONGFUL USE OF THE MARK

15. In or about July 2020, defendant KIAN's authorization to use the OK Certification Mark ended with the termination of its kosher certification agreement with OK KOSHER. When given the opportunity to renew the certification agreement, KIAN declined to do so. Instead, KIAN's Chief Financial Officer, Nancy Ghorb, informed OK KOSHER it was permanently shutting down and no longer in business. Since that time, defendants have been using a counterfeit mark (the "Counterfeit Mark") that is identical to or substantially indistinguishable from the OK Certification Mark to falsely suggest its products have been certified as kosher by OK KOSHER.

16. OK KOSHER has not, since termination of the kosher certification agreement, certified defendants' products as kosher and did not approve their products for distribution of sale bearing the OK Certification Mark. Defendants, however, continue to advertise and sell their products in commerce using the Counterfeit Mark. Their use of the Counterfeit Mark trades off the goodwill of OK KOSHER and the OK Certification Mark and is without permission or license from OK KOSHER. Defendants have achieved sales and profits as a result of their continued unauthorized and illegal use of the OK Certification Mark, and it is unjust to allow them to retain those gains.

17. OK KOSHER notified defendant KIAN of its unlawful and infringing use of the mark and has demanded that it cease and desist, but defendant NUTRAW has failed to do so.

18. Defendants' infringement has been knowing and willful. Defendants were on constructive notice of the OK Certification Mark by virtue of its federal registration. Defendants were on actual notice of the OK Certification Mark by virtue of OK KOSHER's notices to them of same. Defendants deliberately placed the OK Certification Mark on their webpages and associated it with their products to suggest the products were kosher certified by OK KOSHER. Defendants are

aware that OK KOSHER has not authorized them to make continued use of the OK Certification Mark and has prohibited it from doing so, nevertheless KIAN and defendants have repeatedly used the mark to advertise and promote their products.

19. Upon information and belief, defendants intend to continue using the Counterfeit Mark without the authorization of OK KOSHER, thereby confusing consumers as to the certification of the goods by OK KOSHER and resulting in damage and detriment to OK KOSHER, its reputation and goodwill.

20. Defendants' illegal counterfeiting and infringing actions and their use of marks identical to, substantially indistinguishable from and/or confusingly similar to the OK Certification Mark in connection with the offering for sale and sale of their products are likely to cause and have caused confusion, mistake and deception by and among the general public that (A) defendants goods are certified kosher by OK KOSHER, (B) that there is some affiliation, connection or association of defendants' products with OK KOSHER, and/or (C) that defendants' products are being offered for sale with the sponsorship or approval of OK KOSHER.

## COUNT ONE

### (Federal Trademark Infringement—15 U.S.C. § 1114)

21. OK KOSHER repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

22. OK KOSHER has used its federally registered OK Certification Mark in commerce in connection with the products it certifies as kosher.

23. Defendants had both actual and constructive knowledge of OK KOSHER's rights in the federally registered OK Certification Mark prior to defendants' infringing use of those marks.

24. Defendants adopted and continue to use in commerce OK KOSHER's federally registered mark and the Counterfeit Mark confusingly similar thereto with full knowledge of OK KOSHER's superior rights and with full knowledge that their

infringing use of OK KOSHER's mark was intended to cause confusion, mistake and/or deception.

25. Defendants offer their goods and services under the infringing mark in the same channels of trade as those in which OK KOSHER's legitimately certified products are offered.

26. Defendants' infringing use of the OK Certification Mark is likely to cause, and has caused, confusion, mistake or deception of consumers as to the authorization or certification of the goods, in violation of the Lanham Act, 15 U.S.C. § 1114.

27. Defendants' actions constitute knowing, deliberate, and willful infringement of OK KOSHER's federally registered mark.

28. The goodwill of OK KOSHER's business under the OK Certification Mark is of great value. As a result of defendants' infringement, OK KOSHER has suffered substantial damages as well as the continuing loss of its goodwill and reputation in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and constitutes irreparable harm and injury for which OK KOSHER has no adequate remedy at law.

29. OK KOSHER is informed and believes and on that basis alleges that Defendants have derived unlawful gains and profits from their infringing use of the Counterfeit Mark.

30. OK KOSHER has no control over the products offered by defendants. Thus, the great value of the OK Certification Mark is subject to damage by an entity OK KOSHER cannot control.

31. Unless defendants are enjoined by this Court from so doing, OK KOSHER will continue to suffer irreparable harm and injury to its goodwill and reputation.

32. Defendants have engaged in acts of infringement with knowledge of OK KOSHER's exclusive rights in and to the OK Certification Mark and they

continue in such acts of intentional infringement, thus entitling OK KOSHER to an award of treble damages, disgorgement of profits, and attorneys' fees and costs in bringing and maintaining this action pursuant 15 U.S.C. § 1117, subd. (b).

## COUNT TWO

### (Counterfeit of Registered Mark—15 U.S.C. § 1114)

33. OK KOSHER repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

34. OK KOSHER owns the exclusive rights to a valid and incontestable United States Trademark Registration for the OK Certification Mark.

35. Defendants use a non-genuine version of the OK Certification Mark that is identical to, or substantially indistinguishable from the OK Certification Mark.

36. The OK Certification Mark is registered on the Principal Register as a certification mark, and Defendants are intentionally using the Counterfeit Mark to falsely suggest that their goods have been certified by OK KOSHER.

37. OK KOSHER did not authorize defendants' continued use of the Counterfeit Mark. The unauthorized use of the OK Certification Mark is likely to confuse, mistake and/or deceive consumers and other purchasers into falsely believing that defendants' products are authorized or certified by OK KOSHER when they are not.

38. Defendants' use of the Counterfeit Mark is without consent from OK KOSHER was and is a willful and intentional infringement of the OK Certification Mark.

39. Defendants have profited from their acts of infringement. OK KOSHER is entitled to recover defendants' profits arising from the infringement, any damages sustained by OK KOSHER arising from said infringement as well as the attorneys' fees and costs of this action. OK KOSHER also is entitled to an enhanced award of

profits and/or damages to fully and adequately compensate it for defendants' infringement. At its election, OK KOSHER is entitled to statutory damages.

40. Defendants have caused and, unless enjoined by this Court, will continue to cause irreparable injury to OK KOSHER that is not fully compensable in monetary damages. OK KOSHER is therefore entitled to a preliminary and permanent injunction enjoining and restraining defendants from use of the OK Certification Mark or any other mark confusingly similar to the OK Certification Mark.

## COUNT THREE

### (Federal Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a))

41. OK KOSHER repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

42. Defendants' use of the Counterfeit Mark constitutes unfair competition and a false designation of origin or false or misleading description or representation of fact, which is likely to deceive customers and prospective customers into believing that defendants' products offered for sale under defendants' Counterfeit Mark have been certified by OK KOSHER, in violation of 15 U.S.C. § 1125, subd. (a).

43. Defendants' actions cause or are likely to cause confusion or mistake among the public as to the authorization or certification of defendants' products offered for sale under defendants' Counterfeit Mark, to confuse the public into believing that defendants' products have the approval of OK KOSHER or are otherwise affiliated, connected, associated with, or sponsored by OK KOSHER, in violation of 15 U.S.C. § 1125, subd. (a).

44. OK KOSHER has no control over the nature and quality of defendants' products offered for sale under defendants' Counterfeit Mark. Therefore, any failure

or neglect by defendants in providing goods and products that they market as kosher will reflect adversely on OK KOSHER.

45. Upon information and belief, defendants intentionally adopted and use the Counterfeit Mark in order to create consumer confusion and traffic off of OK KOSHER's reputation and goodwill under the OK Certification Mark.

46. Upon information and belief, defendants have derived unlawful gains and profits from their infringement of the OK Certification Mark.

47. The goodwill of OK KOSHER's business under the OK Certification Mark is of great value, and OK KOSHER will suffer irreparable harm to its trade reputation and goodwill should defendants' acts of unfair competition and false representation and designations be allowed to continue.

48. OK KOSHER has no control over the nature and quality of the goods offered by defendants. Thus, the value of OK KOSHER's certification marks, including the OK Certification Mark, is subject to damage by entities and individuals it cannot control. Unless enjoined by this Court from so doing, defendants will continue to engage in acts of unfair competition, false representation and designation, to the irreparable damage and injury of OK KOSHER.

49. Defendants have engaged in acts of unfair competition, false representation and designation, with knowledge of the exclusive rights of OK KOSHER in and to the OK Certification Mark and defendants continue in such acts of unfair competition and intentional false, representation and designation, thus entitling OK KOSHER to an award of its actual damages, disgorgement of defendants' profits, attorneys' fees and costs in bringing and maintaining this action pursuant to 15 U.S.C. § 1117, subd. (a).

## COUNT FOUR

**(Unfair Competition Under California Business and Professions Code § 17200 et seq.)**

50. OK KOSHER repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

51. The conduct of defendants alleged herein constitutes unlawful and unfair competition in violation of California Business & Professions Code §§ 17200 et seq. (the "UCL"), in that such acts are and were unlawful, unfair, deceptive and/or fraudulent business acts.

52. As a result of defendants' wrongful conduct, OK KOSHER has suffered and will continue to suffer actual injury and loss of money, including irreparable injury to its reputation and goodwill. Unless enjoined, defendants' wrongful conduct will continue to cause great, immediate and irreparable injury to OK KOSHER.

53. OK KOSHER is without an adequate remedy at law.

54. OK KOSHER is entitled to injunctive relief, pursuant to California Business and Professions Code § 17203.

## COUNT FIVE

### (False Advertising Under California Business and Professions Code § 17500 et seq.)

55. OK KOSHER repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

56. Defendants knew, or in the exercise of reasonable care should have known, that their use of the Counterfeit Mark was false and misleading. Defendants' false advertising injures OK KOSHER as well as consumers and other purchasers of defendants' food products.

57. As a result of defendants' actions, OK KOSHER has sustained and will continue to sustain harm to its valuable goodwill and reputation established in connection with the use and promotion of the OK Certification Mark as well as other harm.

58. Defendants' actions are willful, wanton and/or in reckless disregard for the rights of OK KOSHER.

59. Unless enjoined, defendants' wrongful conduct will continue to cause great, immediate, and irreparable injury to OK KOSHER.

60. OK KOSHER is without an adequate remedy at law.

61. OK KOSHER is entitled to injunctive relief pursuant to California Business and Professions Code § 17535.

## PRAYER FOR RELIEF

WHEREFORE, OK KOSHER respectfully prays for relief against defendants as follows:

A. For judgment in favor of OK KOSHER and against defendant THE KIAN COMPANY, INC. D/B/A NUTRAW, on all Counts alleged herein.

B. For preliminary and permanent injunctive relief against defendant THE KIAN COMPANY, INC. D/B/A NUTRAW, and its respective officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with defendants, enjoining and restraining them from:

(i) imitating, copying, or making any other infringing use of the OK Certification Mark by the defendants' Counterfeit Mark and any other mark now or hereafter confusingly similar to the OK Certification Mark;

(ii) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the OK Certification Mark or any mark confusingly similar thereto;

(iii) using any false designation of origin or false description or statement that can or is likely to lead the trade or public or individuals to believe that any good has been provided, produced, distributed, offered for distribution, circulation,

sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for OK KOSHER, when such is not true;

(iv) engaging in any other activity constituting an infringement of the OK Certification Mark and/or of the rights of OK KOSHER in or the right to use or to exploit the OK Certification Mark; and,

(v) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

D. Order defendants, at their own expense, to recall all products and marketing, promotional and advertising materials that bear or incorporate the Counterfeit Mark or any mark confusingly similar to the OK Certification Mark, which have been manufactured, distributed, sold or shipped by defendants, or on their behalf, and to reimburse all customers from which said materials are recalled.

E. Order defendants to immediately produce and turn over to OK KOSHER's counsel all products, labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles and advertisements in their possession, custody or control, which bear the Counterfeit Mark and/or any simulation, reproduction, copy, or colorable imitation thereof, as well as all plates, molds, matrices, proofs and any other means of making same.

F. Order defendants to publish notice to all customers and members of the trade who may have seen or heard of defendants use of the Counterfeit Mark, which notice shall disclaim any connection with OK KOSHER and shall advise them of the Court's orders and of defendants' discontinuance from all use of the Counterfeit Mark;

G. Order Defendants to file with this Court and to serve upon OK KOSHER within thirty (30) days after service upon defendants of an injunction in this action, a written report by defendants, under oath, setting forth in detail the manner in which defendants have complied with the injunction.

H. Order defendants to pay the costs of corrective advertising;

I. Order defendants to hold in trust, as constructive trustees for the benefit of OK KOSHER, all profits obtained from provision of the defendants' goods offered for sale under the Counterfeit Mark;

J. Order Defendants to provide OK KOSHER a full and complete accounting of all amounts due and owing to OK KOSHER as a result of their wrongful activities;

K. Order Defendants to pay general, special, actual and/or statutory damages of OK KOSHER as follows:

(i) OK KOSHER's damages and defendants' profits pursuant to 15 U.S.C. § 1117, subd. (a), trebled pursuant to 15 U.S.C. § 1117, subd. (b), for defendants' willful violation of the federally registered certification mark of OK KOSHER; and,

(ii) Upon election by OK KOSHER, statutory damages of up to $2,000,000 per counterfeit mark, per type of product sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117, subd. (c);

L. Order defendants to pay to OK KOSHER the costs of this action and reasonable attorneys' fees incurred by OK KOSHER in prosecuting this action, pursuant to 15 U.S.C. § 1117, subd. (a).

M. Award OK KOSHER prejudgment interest; and,

O. For such other and further relief as the Court deems just and proper.

Date: December 3, 2020          KAPLAN WEISS LLP

By: *Yitz E. Weiss*
Yitz E. Weiss, Esq.
Attorneys for Plaintiff,
COMMITTEE FOR THE ADVANCEMENT
OF TORAH D/B/A OK KOSHER
CERTIFICATION

E-mail: weiss@kaplanweiss.com

# DEMAND FOR JURY TRIAL

OK KOSHER hereby demands a trial by jury of all triable issues raised by this complaint.

Date: December 3, 2020          KAPLAN WEISS LLP

By: _____*Yitz E. Weiss*_____
Yitz E. Weiss, Esq.
Attorneys for Plaintiff,
COMMITTEE FOR THE ADVANCEMENT
OF TORAH D/B/A OK KOSHER
CERTIFICATION

E-mail: weiss@kaplanweiss.com