JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION, a New York religious corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>THE KIAN COMPANY, INC. D/B/A NUTRAW, a California corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 8:20-cv-02275-FLA (ADSx)<br><br>**JUDGMENT** |

   IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

   1.    Judgment shall be entered in favor of COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION ("OK KOSHER") and against THE KIAN COMPANY, INC. D/B/A NUTRAW ("KIAN").

   2.    KIAN, and any person or entity acting in concert with it, or at its direction, including any and all owners, shareholders, managers, directors, agents, servants, employees, partners, assignees, and any others over which it may exercise

control, is hereby restrained and enjoined, pursuant to 15 U.S.C. §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a.  affixing to any container sold by KIAN a label that bears the Certification Mark described in the complaint herein and which is registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 2,094,030 ("the OK Certification Mark") or any other mark that is confusingly or substantially similar to, or that constitutes a colorable imitation of, the OK Certification Mark, unless the product in the container was in fact certified as Kosher by OK KOSHER, or importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service, or displaying or marketing or advertising any container, that bears the OK Certification Mark or any other mark that is confusingly or substantially similar to, or that constitutes a colorable imitation of, the OK Certification Mark, unless the product was in fact certified as Kosher by OK KOSHER; whether such use is as, on, in or in connection with any trademark, service mark, certification mark, trade name, logo, design, label, packaging, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b. performing or allowing others employed by it, or under its control, to perform any act or thing which is likely to interfere with OK KOSHER's interests in the OK Certification Mark, including but not limited to OK KOSHER's business reputation or goodwill, including making disparaging, negative, or critical comments regarding OK KOSHER or its services; and/or,

c. engaging in any acts of federal and/or state trademark infringement, counterfeiting of registered marks, federal unfair competition and/or false

designation of origin, state unfair competition and false advertising with respect to the OK Certification Mark.

3.     KIAN is ordered to deliver immediately to counsel for OK KOSHER all products, packaging, labels, signs, prints, wrappers, receptacles and advertisements, bearing the OK Certification Mark or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, which are in its possession or under its control. OK KOSHER shall be given a one-time access to the premises of KIAN at a mutually-agreed time within 30 calendar days of entry of this Order, to inspect the premises for the presence of, and confiscate, any materials covered by this paragraph.

4.     KIAN is ordered to within ten business days of entry of this Order notify in writing all customers and distributors who purchase directly from KIAN that its products are no longer certified by OK KOSHER and request in writing the return to KIAN, at its sole expense, of any of its products bearing the OK Certification Mark.

5.     Within ten business days of entry of this Order, KIAN shall be responsible for removing all KIAN products from any retails stores that have labels bearing the OK Certification Mark.  KIAN may, at its option, relabel such products, so long as such labels do not bear the OK Certification Mark.

6.     KIAN is ordered to file with this court and serve, within 30 calendar days of entry of this Order, a written report, signed under penalty of perjury by its Chief Executive Officer, attesting to the fact that it has fully complied with the orders in paragraphs 2, 3, 4 and 5 *ante*, providing a full inventory of all things delivered to counsel pursuant to paragraph 3 *ante*, and attaching all written notices and requests, and providing details for same, made pursuant to paragraphs 4 and 5 *ante*.

7.     This Judgment shall be deemed to have been served upon KIAN at the time of its service on counsel by the court.

8.   The court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the court directs immediate entry of this permanent injunction against KIAN.

9.   No appeals shall be taken from this Judgment, and the parties waive all rights to appeal.  This court expressly retains jurisdiction over this matter to enforce any violation of the terms of this judgment and permanent injunction.

10.   Each party shall bear its own attorney's fees and costs incurred in this action, except to the extent of any enforcement of the confidential settlement agreement or this judgment and permanent injunction.

11.   This is a final judgment and all claims asserted by and between the parties are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Date: March 15, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge